JUDGE FAILLA

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

JAMES SMALLS

_____

Write the full name of each plaintiff.

-against-

NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM (NYCERS)

MELANIE WHINNERY

SCOTT STRINGER

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

**18 CV 5428**

_____CV_____
(Include case number if one has been assigned)

## COMPLAINT

Do you want a jury trial?
☐ Yes    ☒ No

---

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☑   **Federal Question**

☐   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

Violation of my procedural due-process of the law under the (14th Amend) to the U.S. Constitution.

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
(Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
 (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

| JAMES | | SMALLS |
|---|---|---|
| First Name | Middle Initial | Last Name |

| P.O. BOX 101 | | |
|---|---|---|
| Street Address | | |

| BRONX | NY | 10471 |
|---|---|---|
| County, City | State | Zip Code |

| (646) 262-2448 | JSMALLS537@GMAIL.COM |
|---|---|
| Telephone Number | Email Address (if available) |

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

| First Name | Last Name | |
|---|---|---|
| NEW YORK CITY EMPLOYEES RETIREMENT SYSTEM (NYCER$ | | |

Current Job Title (or other identifying information)
340 JAY STREET, MEZZANINE LEVEL

Current Work Address (or other address where defendant may be served)

| BROOKLYN | NY | 11201 |
|---|---|---|
| County, City | State | Zip Code |

Defendant 2:

| MELANIE | WHINNERY | |
|---|---|---|
| First Name | Last Name | |

EXECUTIVE DIRECTOR OF (NYCERS)

Current Job Title (or other identifying information)
335 ADAMS STREET, SUITE 2300

Current Work Address (or other address where defendant may be served)

| BROOKLYN | NY | 11201 |
|---|---|---|
| County, City | State | Zip Code |

Defendant 3:

| SCOTT | STRINGER | |
|---|---|---|
| First Name | Last Name | |

NEW YORK CITY COMPTROLLER

Current Job Title (or other identifying information)
ONE CENTRE STREET

Current Work Address (or other address where defendant may be served)

| NEW YORK | NY | 10007 |
|---|---|---|
| County, City | State | Zip Code |

Defendant 4:

First Name                Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                State                Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence:   **BROOKLYN, NY 11201**

Date(s) of occurrence:   **NOVEMBER 30, 2017 TO MAY 31, 2018**

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

SEE ATTACHED "STATEMENT OF CLAIM"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES SMALLS
                    Plaintiff,

        -against-

NEW YORK CITY EMPLOYEES'
RETIREMENT SYSTEM (NYCERS),
MELANIE WHINNERY,
SCOTT STRINGER,

                    Defendant(s).

**PAGE (5) OF COMPLAINT
III. "STATEMENT OF CLAIM"**

1.      The New York City Employees Retirement System (hereinafter "NYCERS")
is a New York City Pension Fund. The Board of Trustees is the governing body of
NYCERS. Its responsibilities include investing the asset of the retirement system,
establishing the administrative budget of the system and promulgating rules and
regulations necessary to carry out provisions of law. The NYCERS Board of
Trustees, as prescribed by law, consists of eleven members; the Mayor's
Representative, Scott M. Stringer, **the Comptroller of the City of New York**, is by
law the custodian of City-held trust funds and the assets of the New York City Public
Pension Funds, and serves as Trustee on four of the five funds, the Public Advocate,
the heads of the three unions with the largest member of participating employees,
and the five Borough Presidents. The Board of Trustees is also responsible for
appointing the Executive Director, who oversees the day-to-day operations of the
system. Currently, the Executive Director of NYCERS is Ms. Melanie Whinnery,
Located at: 335 Adams Street, Suite 2300 Brooklyn NY 11201.

2.      I filed a Notice of Claim with the City of New York, Office of the Comptroller
on January 30th 2018 Claim Numbers: 2018PI002880 and 2018LW003036. On

-01-

James Smalls v. NYCERS

February 01st 2018, I received a letter from a Mr. James Yang, Claims Specialist stating in pertinent part: *"Please be advised that the above referenced claim against the New York City Employee's Retirement System (NYCERS) does not make a claim within the scope of § 7-201 of the Administrative Code of the City of New York. The allegations are against NYCERS rather than the City of New York."*

3.    In another letter that I received dated: April 17th 2018 from the New York City Employee's Retirement System (NYCERS) in pertinent part: *"You will receive a quarterly statement, issued by the Office of the Comptroller that shows the details of your retirement allowance and deductions. NYCERS does not issue these statements so we cannot produce duplicates of them."* So, I do not know how the Comptroller's office can disassociate themselves from NYCERS as they did in their letter to me dated February 01, 2018.

## I.    DUE-PROCESS OF LAW VIOLATION CLAIM

1.    The New York Employees' Retirement System (NYCERS) has violated my [Procedural] due-process of law under the fourteenth—14th amendment to the U.S. Const. and the N.Y. Const. art. I § 6 by not providing me with explicit notice and a pre-deprivation and/or an evidentiary hearing prior to suspending and/or depriving me of my, property, my monthly pension payments.

2.    In the case of [Goldberg v. Kelly, 397 U.S. 254 (1970)] the court held: "The Due Process Clause of the Fourteenth Amendment to the United States Constitution requires a full evidentiary hearing before a recipient of certain government benefits is deprived of such benefits."

James Smalls v. NYCERS

## II.   THE LACK OF LAW IN NEW YORK, AND NYCERS, DENIED ME THE RIGHT AND/OR THE OPPORTUNITY TO FILE IN STATE COURT AN ARTICLE 78

1.    Four—4 months into my retirement, NYCERS sent me a letter dated: September 14, 2017, advising me in pertinent part: "The New York City Employees' retirement System (NYCERS) recently conducted a review of your account which revealed a deficit in your Member Contribution Accumulation Fund (hereinafter "MCAF") and an outstanding pension loan at retirement that exceed 75% of the amount require in your MCAF. By law, an outstanding pension loan cannot exceed 75% of the MCAF. And that there is an overage of $3,455.03 that you must pay the lump sum amount of $3,455.03. If you fail to pay the above amount within 20 days from the date of this letter, your advance pension payment will be suspended and the process of revising your retirement allowance will be delayed." Your actual outstanding loan balance at retirement was $27,091. If you need further assistance, please contact our Call Center at (347) 643-3000 or visit our Customer Service Center at 340 Jay Street, Brooklyn, NY 11201."

2.    NYCERS letter dated: September 14, 2017, did not give (1) explicit notice of my rights; (2) it did not advise me regarding my right to file in State court an Article 78 for a redress; (3) NYCERS failed to advise me that as a Non-Mayoral agency, to file a Notice of Claim with them; (4) nor was I given a de-privation benefit hearing by NYCERS that would've resulted in a final determination that would've triggered an Article 78.

3.    The letter only advises me to contact the customer service center, that there

-03-

James Smalls v. NYCERS

has not in fact been a final determination which would've triggered an Article 78.

4.      An Article 78 proceeding may not be used to challenge: (l) a determination which is not final (CPLR 7801(1)) (2) a determination which can be adequately reviewed by an appeal to a court or to some other body or officer (CPLR 7801(1)) (3) a determination where the body or officer making the determination is expressly authorized by statute to rehear the matter upon the petitioner's application, except when a rehearing has already been had, or a rehearing has been denied, or the time to apply therefore had expired (CPLR 7801(1))

5.      Pursuant to CPLR 7803, the only questions that may be raised in an Article 78 proceeding:

(1) Whether the body or office failed to perform a duty enjoined upon it by law (mandamus to compel) (2) Whether the body or officer proceeded, is proceeding, or is about to proceed without or in excess of jurisdiction (prohibition) (3) Whether a determination was made in violation of lawful procedure, was affected by an error' of law, or was arbitrary and capricious or an abuse of discretion, including an abuse of discretion as to the measure or mode of penalty or discipline imposed (mandamus to review) (4) Whether a determination made as a result of a hearing at which evidence was required to be and was taken is, on the entire record, supplied by substantial evidence (Certiorari to review)

6.      Under New York, Civil Practice Law & Rules (CPLR, Article 78 - 7801-7806) 7803 – Questions raised: (1) **Subsection one**, does not apply because there is nothing in the New York City Administrative Code (NYCAC) that requires NYCERS to account to me once a determination has been made as to how the payment was

-04

James Smalls v. NYCERS

calculated and there is no process to compel review. (2) **Subsection two**, does not apply because there is no allegation that NYCERS lacks the jurisdiction to do what it did, in fact, as set forth above, the statute gives NYCERS the power to adjust accounts. (3) **Subsection three**, does not apply because there is no allegation that NYCERS violated lawful procedures, made an error or law, or was arbitrary and capricious in its determination, or abused its discretion because NYCERS did not provide any documentation to support its findings. Apparently, there is no requirement that it do so. (4) **Subsection four**, does not apply because there was no hearing nor does the NYCAC provide for one. <u>This failure does give rise to other remedies for me to pursue.</u> (5) **Subsection five**, does not relate to me but, it address a final determination or order of the state review officers pursuant to subdivision three of the section forty-four hundred for of the education law.

7.     In Goldberg v. Kelly the court holding: "3.   a pre-termination evidentiary hearing is necessary to provide the welfare recipient with procedural due process.

(a)     such hearing need not take the form of a judicial or quasi-judicial trial, but the recipient must be provided with timely and adequate notice detailing the reasons for termination and an effective opportunity to defend by confronting adverse witnesses and by presenting his own arguments and evidence orally before the decision maker.

## III.   BREACH OF CONTRACT CLAIM

1.     "New York, have a constitutional provision that specifically states that public pension plans create a contract between the state and participant employees. See N.Y. Const. art. 5, § 7 provides that "[a]fter July first, nineteen hundred forty, ("Membership in any pension or retirement system of the state or of a civil division

James Smalls v. NYCERS

thereof shall be a contractual relationship, the benefits of which shall not be *"Diminished or Impaired."*)

2.      Under New York State General Municipal Law Section 800 (2) a "Contract" means any <u>claim,</u> <u>account</u> or <u>demand</u> against or agreement with a municipality express or implied."

3.      Because NYCERS discontinued my pension payments from November/2017 to April/2018, NYCERS has ("material breached") the contract.

## IV.    BREACH OF FIDUCIARY DUTY CLAIM

1.      There exist a fiduciary relationship between NYCERS and myself. In that in the case of Ellis v. Kelsey, 241 N.Y. 241 N.Y. 374, 150 N.E. 148 (1925) "Defendants, NYCERS, had a fiduciary responsibility to make effective payment to plaintiff and, thus, may be absolutely liable to the named beneficiary if they make payment to a person other than the named beneficiary."

2.      On NYCERS's [Application for Service Retirement F—521, Page 2 of 4], in which I signed off on thereby, creating a ["fiduciary relationship"] between NYCERS and myself it states: *"The beneficiary whom [I] wish to nominate to receive the 100% Joint-and-Survivor benefit."*

3.      To show a breach of fiduciary duty a plaintiff must prove: (1) a confidential or fiduciary relationship, (2) a promise, (3) a transfer in reliance thereon, and (4) unjust enrichment. Sharp v. Kosmalski, 40 NY2d 119, 121 (1976); Maiorino v. Galindo, 65 AD3d 525, 526 (2d Dept. 2009); Asinoff v. Asinoff, 2013 NY Slip Op 50515(U) (Sup. Ct. Kings City. 2013). [Maryanne McKeown (Frederick) v.

James Smalls v. NYCERS

Frederick 2013 NY Slip Op 50967 (U)]

4.    Not only is my relationship with NYCERS a contractual one, it also is a fiduciary relationship. Both give rise to a cause of action for an accounting. I have a common law right to have how my pension benefits were calculated and to have a detailed explanation as to why they were modified. A contract cause of action exists for claims that benefits existing under a pension or retirement have been *"diminished" or "impaired"* (Lippman v. Bd. Of Educ. Of the Sewanhaka Central.

High School District, 66 NY2d 313 (1985)].

## V.    CLAIM OF EXTORTION BY NYCERS

1.    NYCERS withheld and/or deprived me in pension payments from November/2017 to May/2018 in the amount of $4,686.84, this due to NYCERS claim of my having a deficit in my member contributions in the amount of $3,455.03. So, NYCERS not only withheld from me the $3,455.03, but withheld an additional $1,231.81 bringing the total amount withheld from me $4,686.84. NYCERS achieved all this without providing me with explicit notice of my rights and not providing me with a de-privation hearing prior to depriving me of my pension payments, my property. And because I am experiencing a financial hardship, with only receiving Social Security Old-Age retirement payments, and because NYCERS have exceeded what they alleged is due them, the $3,455.03, by withholding an additional $1,231.81 thereby, bringing the total to $4,686.84. So, I sent the Executive Director of NYCERS Ms. Melanie Whinnery an email dated: March 31, 2018 advising her that because NYCERS is withholding from me enough to cover the allege amount, the $3,455.03, to simply subtract the alleged amount of $3,455.03

-07-

James Smalls v. NYCERS

from the $4,686.84 that's being withheld from me and refund me the remaining balance.

2.      I received a letter from NYCERS dated April 17, 2018, advising me in pertinent part: *"The New York City Employees' Retirement System (NYCERS) established an electronic fund transfer (EFT) to directly deposit your monthly pension payment into your bank account. Beginning with this month's, (April/2018) payment, your retirement allowance will be directly deposited, **assuming there are no technical problems**. Please check your account to ensure the EFT occurred."* I never received the EFT pension payment into my bank account for April/2018. Although, it shows in NYCERS records that I did.

3.      I received another letter from NYCERS dated: April 27, 2018 in pertinent part states: *"The Executive Director of the New York City Employees' Retirement System (NYCERS) received your electronic correspondence dated March 31, 2018 inquiring whether the overpayment in your account can be offset by the pension checks being held by NYCERS. NYCERS will grant your request to resolve your deficit owed due to your loan overage. NYCERS, Legal Division."*

4.      I called NYCERS on **Friday, May 04, 2018 at 13:45hrs**, and spoke with representative known to me a Shanna? I advised Shanna that I didn't received the pension payment for April 30, 2018 by (EFT) into my bank amount. She advised me that my account is suspended and that NYCERS have mailed to me an affidavit authorizing NYCERS to offset the amount of my alleged deficit of $3,455.03 in my account from the $4,686.84 that NYCERS is currently withholding from me and then my pension plan would be finalized. In any case, because I'm desperate for

-08-

James Smalls v. NYCERS

money so, I gave my consent to such extortion, on Monday, May 07, 2018, I signed such affidavit *"Without prejudice,"* thereby, reserving my common law rights for redress and I personally delivered the affidavit to NYCERS that they stamped as being received at **May 7th 2018 11:34AM.**

5.      I received a letter from the NYCERS dated: May 10th 2018, advising me that my pension is no longer suspended along with two-2 pension checks, each for $781.14 totaling $1,562.28. This letter by NYCERS is dated three-3 days after I was coerced by NYCERS to file an affidavit authorizing NYCERS to offset an alleged deficit in my member contribution account in the amount of $3,455.03 from the $4,686.84 that NYCERS was illegally withholding from me by violating my fourteenth—14th amendment right to procedural due-process under the U.S. Const., and N.Y. Const. art. I, § 6, by not providing me with explicit notice of my rights and not providing me with a de-privation and/or evidentiary hearing prior to suspending and/or depriving me of my pension payments, in which I have a property interest in, from November 30th 2017 to May 10th 2018. This is a classic case of extortion.

6.      In *[Box# 01]: "Gross Distributions,"* of my **2017 Form 1099-R** NYCERS falsely show my receiving pension payments for the months of November 30, 2017 and December 31, 2017, even going as far as documenting payments in the amount of $781.14 Check#:4763907 for November 30, 2017 and a pension payment in the amount of $781.14 Check#:4786749 for December 31, 2017, the periods in which NYCERS suspended my account, the manifestation of this false reporting by NYCERS on my **2017 Form 1099-R**, is that NYCERS shows in *[Box# 01]: "Gross Distributions,"* on my **2017 Form 1099-R**, as being $6,249.12 when in fact I only received pension payments from NYCERS from May to October of 2017 at $781.14

James Smalls v. NYCERS

per month totaling $4,686.84.

7.      The two-2 pension checks that I received from NYCERS on May 10, 2018, upon NYCERS restarting my pension payments, were dated for February 28, 2018 and March 31, 2018 thereby, leaving *[Box# 01]: "Gross Distributions"* on my **2017 Form 1099-R** a misrepresentation to all branches of the government.

8.      Also NYCERS show a payment was made by Electronic Fund Transfer (EFT) to my [T.D. Bank] checking account for a pension payment in the amount of $781.14 for April 30, 2018 in which [T.D. Bank] advised me in a secure email message dated: May 5, 2017, that upon review of my account did not show a transfer from NYCERS on 4/30/2018.

9.      EXTORTION – The act or practice of obtaining something or compelling some action by illegal means, as by force or coercion. **[Pg.1759] Black's Law Dictionary (8th ed. 2004)**

10.     Extortion is covered under New York Penal Law section 155.05(2) (e); New York Penal Law 155.30(6); New York Penal Law 155.40(2).

11.     In the United States, extortion may also be committed as a federal crime across a computer system, phone, by mail, or in using any instrument of interstates commerce. Extortion requires that the individual sent the message willingly and knowingly as elements of the crime. The message only has to be sent (but does not have to reach the intended recipient) to commit the crime of extortion.

12.     Hobbs Act, 60 Stat. 420, carried forward as 18 U.S.C. § 1951. The pertinent statutory provisions are subsections (a) and (b) (2) thereof, reading as follows:

-10-

James Smalls v. NYCERS

(a) "Whoever in any way or degree obstructs delays, or affects commerce or the movement of any (page 350 U.S. 417) article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person of property in furtherance of a plan or purpose to do anything in violation of this section shall be fined not more than $10,000 or imprisoned not more than twenty years, or both."

(b) "(2) The term "extortion" means the obtaining of property from another with his consent, induced by wrongful use of actual or threatened forced, violence or fear, or under color of official right."

13.    On Thursday, May 31, 2018, NYCERS was supposed to make an Electronic Fund Transfer (EFT), Direct Deposit, into my checking account for my Monthly Retirement Allowance for May/2018 in the amount of $781.14 but, instead NYCERS deposited $3,124.56 into my checking account which is $2,343.42 more than required. NYCER never advised me by phone, mail, or by e-mail prior to depositing this amount into my checking account, nor after.

## VI.    NYCERS WAS WARNED OF ITS PRACTICE BY THE COURT

1.    In [King v. NYCERS, 212 F. Supp. 3d 371 (2016)], citing King v. NYCERS, 595 Fed.App'x. 10 (2d Cir.2014) (summary order). "New York should consider how such cases ought to be processed within the state, modifying, as necessary, state substantive law and procedure to avoid appeals to federal courts from New York City Employees' Retirement System ("NYCERS") decisions respecting pensions."

-11-

James Smalls v. NYCERS

## VII.   CONSTITUTIONALLY PROTECTED UNDER THE FEDERAL LAW

1.     Six states, including New York, take the approach that pensions are protected as a property right under the due process clause of the United States Constitution. See Farmer, supra; see also, e.g., Morris v. NYCERS, 129 F. Supp. 2d 599, 606–07 (S.D.N.Y. 2001) (holding former city employee had property interest in right to receive benefits of his membership in city pension system subject to the due process clause.

New York, NY
Dated: June 15, 2018

_____
(Signature)

James Smalls, *Pro se*_____
(Print Name)

-12-

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

## INJURIES:

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

MY INJURIES WERE TO MY (14TH AMEND) TO THE U.S. CONSTITUTION; N.Y. CONSTITUTION ART. I, § 6 AND

N.Y. CONSTITUTION ART. 5, § 7.  NYCERS FAILED TO ISSUE ME WITH EXPLICIT NOTICE AND A PRE-

DEPRIVATION HEARING PRIOR TO DEPRIVING ME OF MY PENSION PAYMENTS IN WHICH I HAVE A

PROPERTY INTEREST IN. NYCERS COMMITTED EXTORTION AGAINST ME. EXTORTION IS COVERED UNDER

THE N.Y. PENAL LAW SECTION 155.05 (2) (E) AS WELL AS THE HOBBS ACT UNDER 18 U.S.C. § 1951 (B) (2)

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

NYCERS EXTORTED $3,455.03 FROM ME, CAUSED A FINANCIAL HARDSHIP FOR ME AND MY FAMILY AND

CAUSED ME SUCH MENTAL DISTRESS, I THEREFORE, SEEK $25 MILLION IN DAMAGES AND COURT COST.

_____
_____
_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| June 15, 2018 | |
| Dated | Plaintiff's Signature |
| James | Smalls |
| First Name          Middle Initial | Last Name |
| P.O. Box 101 | |
| Street Address | |
| Bronx | NY          10471 |
| County, City | State          Zip Code |
| (646) 262-2448 | Jsmalls537@gmail.com |
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☑ Yes   ☐ No

> If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.