UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES SMALLS,

                Plaintiff,

     v.

NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM,

                Defendant.

18 Civ. 5428 (KPF)

**OPINION AND ORDER**

KATHERINE POLK FAILLA, District Judge:

    Plaintiff James Smalls, proceeding *pro se*, brought this action to redress a temporary suspension of his pension benefits by Defendant New York City Employees' Retirement System ("Defendant" or "NYCERS"). This Court presided over a one-day bench trial of this action on March 11, 2020, and on September 15, 2020, issued its findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52. (Dkt. #69). In its decision, the Court directed the entry of judgment in favor of Defendant on Plaintiff's claim that the temporary suspension constituted a violation of his due process rights. (*See* Dkt. #69-70). The Court is now in receipt of Plaintiff's motion for a new trial pursuant to Rule 59(a) of the Federal Rules of Civil Procedure. (Dkt. #75). For the reasons that follow, Plaintiff's motion is denied.

## BACKGROUND[1]

The Court incorporates by reference its prior opinions' recitation of the factual and procedural backgrounds of this litigation. *See generally Smalls* v. *N.Y.C. Emps.' Ret. Sys.*, No. 18 Civ. 5428 (KPF), 2020 WL 5525746 (S.D.N.Y. Sept. 15, 2020) (findings of fact and conclusions of law) ("*Smalls II*"); *Smalls* v. *N.Y.C. Emps.' Ret. Sys.*, No. 18 Civ. 5428 (KPF), 2019 WL 3716444 (S.D.N.Y. Aug. 7, 2019) (opinion resolving motion to dismiss) ("*Smalls I*").  However, in the interest of clarity, the Court briefly reviews the holdings of its prior decisions in this matter.  On August 7, 2019, in *Smalls I*, the Court dismissed Plaintiff's claims against certain individual defendants named in his complaint, as well as Plaintiff's breach of fiduciary duty claim against all defendants.  2019 WL 3716444, at *7-9.  Subsequently, at the conclusion of the March 11, 2020 bench trial in this action, the Court dismissed Plaintiff's breach of contract claim against NYCERS.  (Dkt. #67 at 48:23-49:21 (transcript)).  And finally, on September 15, 2020, in *Smalls II*, the Court directed the entry of judgment in favor of Defendant as to Plaintiff's remaining procedural due process claim.  2020 WL 5525746, at *5-6.

On September 30, 2020, Plaintiff filed a pre-motion letter requesting a conference regarding his anticipated motion for a new trial pursuant to Rule 59(a).  (Dkt. #71).  On October 9, 2020, at the Court's direction, Defendant responded to Plaintiff's letter, conveying its opposition to the anticipated

---

[1]   For ease of reference, Plaintiff's brief in support of his motion for a new trial is referred to as "Pl. Br." (Dkt. #75); Defendant's opposition brief is referred to as "Def. Opp." (Dkt. #76); and Plaintiff's reply brief is referred to as "Pl. Reply" (Dkt. #77).

motion. (Dkt. #73). The Court proceeded to enter a briefing schedule (Dkt. #74), pursuant to which Plaintiff's motion was filed on November 12, 2020 (Dkt. #75); Defendant's opposition was filed on December 14, 2020 (Dkt. #76); and the motion was fully briefed with the filing of Plaintiff's reply on December 30, 2020 (Dkt. #77).[2]

## DISCUSSION

### A. Applicable Law

Federal Rule of Civil Procedure 59(a)(2) provides that, on a motion for a new trial in a nonjury case, a district court may "open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." Fed. R. Civ. P. 59(a)(2). Rulings on motions for a new trial under Rule 59(a) "are committed to the sound discretion of the district court[.]" *Sequa Corp.* v. *GBJ Corp.*, 156 F.3d 136, 143 (2d Cir. 1998). District courts may grant this relief "for substantial reasons," such as "manifest error of law or mistake of fact." *Ball* v. *Interoceanica Corp.*, 71 F.3d 73, 76 (2d Cir. 1995) (internal quotation marks and citation omitted). Additionally, "in certain circumstances newly discovered evidence constitutes a recognized ground for a new trial." *LiButti* v. *United States*, 178 F.3d 114, 119 (2d Cir. 1999). However, "[i]t is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting

---

[2] Pursuant to Rule 59, a motion for a new trial "must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(b). Here, Plaintiff filed a letter requesting a conference regarding his anticipated motion on September 30, 2021, fifteen days after the entry of judgment. (*See* Dkt. #69, 71). The Court proceeded to set a briefing schedule on Plaintiff's motion. (*See* Dkt. #74). As such, the Court accepts Plaintiff's motion as timely.

3

the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple[.]'" *Sequa Corp.*, 156 F.3d at 144 (citations omitted); *see generally Guzik* v. *Albright*, No. 16 Civ. 2257 (JPO), 2020 WL 2611917, at *1 (S.D.N.Y. May 21, 2020) ("In bench trials, motions under Rule 59(e) are essentially motions for reconsideration." (citation omitted)).

**B.     Analysis**

For reasons explained in greater detail in *Smalls II*, the Court concluded that Defendant's failure to inform Plaintiff of his right to a New York State Article 78 proceeding did not constitute a procedural due process violation because Defendant was under no affirmative obligation to inform Plaintiff of such a right. 2020 WL 5525746, at *4. Plaintiff now raises several arguments in support of his motion for a new trial that the Court addresses in turn below.

In reaching its decision in *Smalls II*, the Court considered Plaintiff's argument that Defendant had violated his right to due process by failing to inform him of his right to an Article 78 proceeding. 2020 WL 5525746, at *5 ("Plaintiff ... argues that the existence of an Article 78 proceeding is insufficient process, and instead that Defendant had an obligation to inform him of his right to such a proceeding."). Plaintiff now reasserts this argument in the instant motion. (*See* Pl. Br. 10-11; Pl. Reply 2-4). Specifically, Plaintiff argues that Defendant was obligated to provide the notice required under the Supreme Court's decision in *Goldberg* v. *Kelly*, 397 U.S. 254, 259-60 (1970), which Plaintiff reads to obligate Defendant to "inform [Plaintiff] of his rights to any post-deprivation and/or post-termination remedies." (Pl. Reply 2). Plaintiff

4

further submits that Defendant has provided such notice in at least one instance, as reflected by a New York State court case, *Martin* v. *N.Y.C. Emps.' Ret. Sys.*, No. 10603/15, 2018 WL 327304, at *2 (Kings Cty. Sup. Ct. Jan. 8, 2018). (Pl. Br. 10-11; Pl. Reply 2). The Court will interpret this argument as an endeavor to establish a manifest error of law in *Smalls II*. However, to the extent Plaintiff faults the Court for overlooking these decisions, the Court submits that it did not do so, and indeed, both cases are cited in *Smalls II*. *See* 2020 WL 5525746, at *4, 6 n.3.

As to *Goldberg*, the Court does not read the Supreme Court's decision to speak to the process due in this particular case, but rather to the general concept of procedural due process and to the specific context of the process due prior to the termination of public assistance benefits to welfare recipients. *See* 397 U.S. at 266-70. Moreover, the Supreme Court's holding in *Goldberg* has been modified by subsequent decisions, as confirmed by the Second Circuit and as detailed in *Smalls II*:

> Plaintiff, however, argues that the existence of an Article 78 proceeding is insufficient process, and instead that Defendant had an obligation to inform him of his right to such a proceeding. (*See* Pl. Br. 8). In this Court's Opinion regarding the prior motion to dismiss, the Court left open the door to the possibility that such an obligation may exist in order for due process to be satisfied. *See Smalls I*, 2019 WL 3716444, at *6-7. However, upon further review of the case law, the Court now closes that door, for it is clear that no such obligation exists. The Supreme Court has held that due process does not require "individualized notice of state-law remedies which … are established by published, generally available state statutes and case law." *City of W. Covina* v. *Perkins*, 525 U.S. 234, 241 (1999). Once a

5

> deprivation has occurred, a plaintiff "can turn to these public sources to learn about the remedial procedures available to him. The City need not take other steps to inform him of his options." *Id.* Moreover, in reliance on *West Covina*, the Second Circuit confirmed just last month "that the federal procedural due process guarantee does *not* require state officials to inform individuals of all the procedural guarantees they enjoy under state law." *Liberian Cmty. Ass'n* v. *Lamont*, 970 F.3d 174, 192 (2d Cir. 2020) (emphasis in original).

2020 WL 5525746, at *5. The Court concluded: "[g]iven such strong binding authority, the Court cannot find that due process required Defendant to inform Plaintiff of his right to an Article 78 proceeding." *Id.* The Court further observed that "this conclusion is only reinforced by the paucity of case law supporting such affirmative obligation[,]" and Plaintiff's current motion has not changed this view. While Plaintiff again purports to rely upon *Martin*, the Court determined in *Smalls II* that there was no authority supporting the proposition that merely because Defendant had previously informed at least one other individual of her right to an Article 78 proceeding, *see Martin*, 2018 WL 327304, at *2, due process required that Defendant follow that same course of action in every other instance. *See Smalls II*, 2020 WL 5525746, at *6 n.3. As Plaintiff has identified no error of law in the Court's analysis and application of these cases, this argument fails to establish that a new trial is warranted.

Separately, Plaintiff asserts several new legal theories in support of his current motion. As these theories were not alleged in Plaintiff's prior pleadings, they cannot provide grounds for a new trial. (*See* Dkt. #1, 3). *See Sequa Corp.*, 156 F.3d at 144 ("Rule 59 is not a vehicle for … presenting the case under new

6

theories[.]"). However, in the interest of completeness, and because of the special solicitude typically afforded to *pro se* litigants, *see Cruz* v. *Gomez*, 202 F.3d 593, 597 (2d Cir. 2000), the Court will briefly address each theory.

*First*, by letter dated September 14, 2017 (the "Letter"), Defendant informed Plaintiff that if he did not address a deficiency in his account, his pension payments would be suspended. *See Smalls II*, 2020 WL 5525746, at *3. Plaintiff now argues the Letter was contrary to the requirements of Section 613-b(L) of New York's Retirement and Social Security Law, N.Y. Retire. & Soc. Sec. Law § 613-b(L). (Pl. Br. 3-8; Pl. Reply 5-8). In particular, Plaintiff argues that Defendant was aware that pursuant to Section 613-b(L), its only remedy lay in offsetting Plaintiff's future benefits, rather than suspending his pension benefits. (Pl. Br. 6-8 (citing N.Y. Retire. & Soc. Sec. Law § 613-b(L))). Moreover, Plaintiff accuses Defendant of having lied to and defrauded the Court by representing that the issues with Plaintiff's account encompassed both a loan overage and deficits, and that suspension was thus an appropriate remedy. (*Id.* at 4-5). However, in *Smalls II*, this Court observed that "the only question the Court need answer to resolve this action is whether Defendant violated Plaintiff's procedural due process rights in its suspension of payments." 2020 WL 5525746, at *4. The parties' dispute over their competing interpretations of Section 613-b(L) has no bearing on the Court's due process analysis, which, as stated above, turned on Defendant's obligation — or lack thereof — to inform Plaintiff of his right to challenge his suspension of benefits through an Article 78 proceeding. As such, any

7

purported violation of Section 613-b(L) does not change the Court's determination that Defendant had no obligation to inform Plaintiff of his right to pursue an Article 78 proceeding.

*Second* and relatedly, Plaintiff argues that the Letter constituted mail fraud. (Pl. Br. 5-7). Specifically, Plaintiff asserts that Defendant attempted to "double-dip" by purportedly soliciting a payment from Plaintiff while planning to reduce his pension payments. (*Id.*). But Plaintiff offers no support or evidence beyond his conclusory assertions that Defendant committed mail fraud. And even were this case not long past the stage at which Plaintiff could amend his pleadings, Plaintiff has not acknowledged — let alone met his burden of showing — that Congress intended for the mail fraud statute to be privately enforceable. *See Dourlain* v. *Comm'r of Taxation & Fin.*, 133 F. App'x 765, 767-68 (2d Cir. 2005) (summary order) ("'It is a truism ... that in our federal system crimes are always prosecuted by the Federal Government,' not by private complaints. To conclude otherwise, a party must show that Congress specifically intended to create a private right of action." (quoting *Ct. Action Now, Inc.* v. *Roberts Plating Co.*, 457 F.2d 81, 86-87 (2d Cir. 1972))).[3] And lastly, as with Plaintiff's previously discussed theory, these allegations are of no import to the Court's procedural due process analysis. For these reasons, this argument provides no basis for a new trial.

---

[3]  Moreover, there is "ample authority" supporting the proposition that the mail fraud statute does not provide a private right of action. *See Farmer* v. *Karpf, Karpf & Cerutti P.C.*, No. 19 Civ. 5947 (KPF), 2020 WL 1911194, at *4 (S.D.N.Y. Apr. 20, 2020) (citing *Kashelkar* v. *Bluestone*, 306 F. App'x 690, 692 (2d Cir. 2009) (summary order)).

8

*Third*, Plaintiff appears to demand that the Court refer Defendant's conduct to the United States Attorney's Office.  (Pl. Br. 9).  Plaintiff argues that Defendant's representations at trial regarding the manner in which claims such as Plaintiff's are typically resolved indicates that Plaintiff's experience is "not an isolated one."  (*Id.*; Pl. Reply 9-10).  And Plaintiff suggests that Defendant and Defendant's counsel should be interviewed by the United States Attorney's Office regarding this pattern of purportedly fraudulent conduct.  (Pl. Reply 9-10).  Once again, Plaintiff supports this accusation with conclusory allegations and misconstructions of Defendant's statements at trial.  The Court thus finds that even were this claim not procedurally improper, it would fail on the merits.  And based on both its recollection and its review of the parties' statements at trial, the Court firmly disagrees with Plaintiff that either Defendant or its counsel has engaged in conduct that warrants a referral to the United States Attorney's Office.  This theory fails to provide a "substantial reason[]" for a new trial.  *Ball*, 71 F.3d at 76.

In sum, Plaintiff has neither offered any new evidence nor demonstrated any manifest error of law or mistake of fact.  Instead, he has reasserted arguments that the Court properly considered and rejected in *Smalls II*, and has belatedly submitted new legal theories that the Court is prohibited from considering on the motion before it and that in any event provide insufficient justification for a new trial.  As such, Plaintiff has provided the Court with no basis for granting his motion for a new trial.

## CONCLUSION

Plaintiff's motion for a new trial is DENIED. The Clerk of Court is directed to terminate the motion at docket entry 75. The Clerk of Court is further directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated:   April 7, 2021
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge